UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE LAMONT VINSON-JACKSON,

    Plaintiff,

v.

CORIZON HEALTH CARE,
C/O PERRY, R.N. BABISCH,
and RUM SKINNER,

    Defendants.
_____/

Case No. 2:21-cv-10766
Hon. George Caram Steeh

## OPINION AND ORDER DISMISSING DEFENDANT CORIZON HEALTH CARE

### I. Introduction

This is a pro se civil rights case that was filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner at the Saginaw Correctional Facility in Freeland, Michigan. The defendants are Corizon Health Care ("Corizon") and three individuals allegedly employed at the Macomb Correctional Facility in New Haven, Michigan. Plaintiff seems to be saying that defendant Perry is a correctional officer ("C/O"), that defendant Babisch is a registered nurse ("R.N."), and that defendant Skinner is a resident unit manager ("RUM").

Plaintiff alleges in his complaint that in 2018, he cut his hand getting off his top bunk. Defendant Perry allegedly failed to respond when plaintiff pushed an emergency light, and he segregated plaintiff instead of taking plaintiff to the medical unit. Plaintiff further alleges that defendant Babisch failed to send plaintiff to the hospital in a timely manner, despite knowing the seriousness of plaintiff's injury. Finally, plaintiff claims that defendant Skinner denied his request for a grievance form and assigned plaintiff to a level 5 housing unit, rather than ensuring that plaintiff got the medical care he needed. Compl. (ECF No. 1, PageID.3).

The Court initially dismissed plaintiff's complaint without prejudice because Plaintiff failed to comply with an order that directed him to prepay the filing fee or to file a certified trust fund account statement and an application to proceed without prepayment the filing fee. Order (ECF No. 6). Plaintiff then filed a motion for reconsideration. Mot. (ECF No. 8).

On June 9, 2022, the Court granted plaintiff's motion for reconsideration and re-opened this case. In the same order, the Court directed plaintiff to provide the Court with a legible list of the defendants' names and addresses. Order (ECF No. 9). Plaintiff recently informed the Court that the individual defendants' address is the Macomb Correctional Facility where they are employed. Response to Order (ECF No. 10).

Plaintiff did not provide the Court with an address for Corizon, and for the reasons given below, he also has failed to state a plausible claim against Corizon. Thus, the Court is dismissing Corizon from this lawsuit.

## II.  Legal Framework

Having previously granted Plaintiff's application to proceed without prepaying the fees and costs for this action, see ECF No. 9, the Court is required to screen plaintiff's complaint and to dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted).  In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term "frivolous" in the applicable subsection of 28 U.S.C. § 1915, embraces inarguable legal conclusions and fanciful factual allegations. Id.

Plaintiff brought this action under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]' " Pineda v. Hamilton Cty., Ohio, 977 F.3d 483, 489 (6th Cir. 2020) (quoting the statute) (brackets in original). A plaintiff must prove two things to prevail in an action under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014).

### III. Discussion

One of the four defendants here is Corizon, which is a private contractor, Cummings v. Klee, 410 F. Supp. 3d 837, 839 (E.D. Mich. 2019), that provides medical services to incarcerated persons, Glover v. Rivas,

536 F. Supp. 3d 161, 170 (E.D. Mich. 2021). "[A] private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" Hicks v. Frey, 992 F.2d 1450, 1458 (6th Cir. 1993) (citing West v. Atkins, 487 U.S. 42, 54 (1988)), abrogated in part on other grounds by Warren v. Prison Health Servs., Inc., 576 F. App'x 545, 559 (6th Cir. 2014).

But even if Corizon, as opposed to the Michigan Department of Corrections, employed defendant Babisch to work at the Macomb Correctional Facility, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." Iskander v. Vill. of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982). To state a claim against Corizon, a § 1983 civil rights plaintiff "must show 'that a policy or well-settled custom of the company was the "moving force" behind the alleged deprivation' of his rights." Glover, 536 F. Supp. 3d at 171 (quoting Braswell v. Corrections Corp. of America, 419 F. App'x 622, 627 (6th Cir. 2011)).

Plaintiff has not alleged or demonstrated that a Corizon policy or custom was the moving force behind the alleged deprivation of his constitutional rights. Corizon, therefore, cannot be held liable for the misconduct alleged in the complaint, and because the complaint fails to

state a plausible claim for which relief may be granted as to Corizon, the Court summarily **DISMISSES** Corizon from this lawsuit.

    **IT IS SO ORDERED**.

Dated: July 12, 2022

                      s/George Caram Steeh
                      GEORGE CARAM STEEH
                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 12, 2022, by electronic and/or ordinary mail and also on Maurice Lamont Vinson-Jackson #482532, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623.

s/Brianna Sauve
Deputy Clerk