UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE VINSON-JACKSON,

    Plaintiff

v.

    Case No. 2:21-cv-10766
    District Judge George Caram Steeh
    Magistrate Judge Anthony P. Patti

DEWAYNE PERRY, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT ON THE BASIS OF
EXHAUSTION (ECF No. 24, 42, 50) AND
ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL,
MOTION TO STAY, MOTION TO INTERVENE, AND PETITION TO
APPOINT COUNSEL (ECF NOS. 53, 54, 55, 58)**

**I. RECOMMENDATION AND ORDER**: The Court should **GRANT** Defendants' motions for summary judgment on the basis of exhaustion (ECF No. 24, 42, 50). For the reasons discussed below, I will deny Plaintiff's motion to appoint counsel (ECF No. 53), motion to stay (ECF No. 54), motion to intervene (ECF No. 55), and petition to appoint counsel (ECF No. 58).

**II. REPORT:**

    **A. Background**

    Plaintiff Maurice Vinson-Jackson filed his *pro se* civil rights complaint on March 24, 2021 against Corizon Health Care, RN Caroline Rivard-Babisch,

Correctional Officer Dewayne Perry, and Resident Unit Manager Stanley Kinner. (ECF No. 1). The case was assigned to the Honorable George Caram Steeh, who dismissed Corizon on July 12, 2022.

The complaint arises out of an incident that occurred at the Macomb Correctional Facility ("MRF") in Lenox Township, Michigan. Plaintiff alleges that in August 2018, he cut his hand while getting off a top bunk bed. (ECF No. 1, PageID.3.) Defendant Perry took Plaintiff to segregation where Defendant Babisch used peroxide and wrapped Plaintiff's hand. (*Id.*) Plaintiff alleges that Defendant Babisch knew the seriousness of the injury but did not send him to the hospital. (*Id.*) Plaintiff subsequently showed his hand to Defendant Kinner and asked for a grievance form. (*Id.*) Plaintiff alleges that Defendant Kinner ignored the injury and situation, and instead assigned him to a level 5 housing unit. (*Id.*)

In his complaint, Plaintiff asserts that Defendant Perry: (1) failed to honor Plaintiff's bottom bunk "detail;" (2) failed to respond when Plaintiff activated his emergency light; and, (3) took Plaintiff to segregation instead of the medical unit, further delaying treatment and worsening Plaintiff's injury. (*Id.*) Plaintiff alleges that Defendant Babisch was deliberately indifferent to Plaintiff's injury and failed to send Plaintiff to the hospital in a timely manner, despite knowing the seriousness of Plaintiff's injury. (*Id.*) Finally, Plaintiff claims that Defendant Kinner denied his request for a grievance form and assigned Plaintiff to a level 5

housing unit, rather than ensuring that Plaintiff got the medical care he needed. (*Id.*)

Judge Steeh referred the matter to me "for all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 25.) On April 26, 2023, Defendant Perry moved for summary judgment on the basis of exhaustion. (ECF 24.) Rather than file a response brief, Plaintiff filed an "affidavit" in response to the motion (ECF No. 29), which I ordered would be treated as his response brief. (ECF No. 35.) Defendant Perry filed a reply to the affidavit/response. (ECF No. 31.) Plaintiff also filed another "reply," which I struck as an impermissible sur-reply (ECF No. 32), as had been pointed out to the Court the day before in Defendant's "response to [sur-]reply" (ECF No. 34).

Both Defendant Kinner and Defendant Babisch filed motions for summary judgment, adopting the arguments of Defendant Perry. (ECF Nos. 42, 50.) Despite receiving two extensions of time to file a response brief, Plaintiff failed to timely respond to either motion. (*See* ECF Nos. 45, 47.) Because Defendants Kinner and Babisch rely on the same argument asserted by Defendant Perry, I will accept Plaintiff's affidavit/response as a response brief to those motions as well.

On January 16, 2024, Plaintiff filed three motions: a motion to appoint counsel (ECF No. 53), a motion to stay (ECF No. 54), and a motion to intervene (ECF No. 55). Defendant responded to the motion to stay and the motion to intervene in a combined brief on January 29, 2024. Finally, Plaintiff filed a "petition" to appoint counsel on February 12, 2024 (ECF No. 58).

**B. Standard**

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (internal citations omitted).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56 (e)(2) (providing that if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for the purposes of the motion."). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to

4

set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The nonmoving party must "make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted).

Summary judgment is appropriate if the evidence favoring the nonmoving party is merely colorable or is not significantly probative. *City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 254 (6th Cir. 1994). In other words, summary judgment is appropriate when "a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case. . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

### C. Discussion

#### 1. Defendants' Motions for Summary Judgment

Defendants argue that there is no indication or evidence in the record that Plaintiff properly exhausted his prison grievance before proceeding to federal court. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement . . . requires 'proper' exhaustion, which includes compliance with a state agency's timeliness deadlines." *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006).

The Supreme Court has held that "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). As such, Defendants bear the burden of proof on exhaustion. *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012) ("A PLRA defendant bears the burden of proving that a PLRA plaintiff has not exhausted his administrative remedies."). "Once an affirmative defense is asserted, it may be adjudicated at any point in the development of a lawsuit that the rules of procedure allow. As the *Jones* Court

6

noted, because a plaintiff need not anticipate or plead around an exhaustion defense, that defense usually may not be addressed in a motion under Rule 12(b)(6) for failure to state a claim." *Anderson v. Jutzy*, 175 F. Supp. 3d 781, 786 (E.D. Mich. 2016) (Lawson, J., adopting in part report and recommendation of Whalen, M.J.) (citing *Jones*, 549 U.S. at 215). To the extent the record permits, the Court addresses whether a prisoner has exhausted administrative remedies under Federal Rule of Civil Procedure 56. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc); *see also Melton v. Michigan Corr. Com'n,* No. 07–15480, 2009 WL 722688, at *6 (E.D.Mich. Mar. 17, 2009) (resolving failure to exhaust administrative remedies in a motion for summary judgment). "The summary judgment motion is especially well suited to pretrial adjudication of an exhaustion defense, because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence." *Anderson*, 175 F. Supp. 3d at 787.

"The point of the PLRA exhaustion requirement is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (citing *Woodford v. Ngo*, 548 U.S. at 81, 94-95 (2006) and *Porter v. Nussle*, 534 U.S. 516, 525 (2002)). "Proper exhaustion demands

7

compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–91.

The MDOC's 3-step prisoner/parolee grievance procedure is set forth in MDOC PD 03.02.130 (effective July 9, 2007). (ECF No. 24-2, PageID.94.) This policy directive provides: "[c]omplaints filed by prisoners regarding grievable issues as defined in this policy serve to exhaust a prisoner's administrative remedies only when filed as a grievance through all three steps of the grievance process in compliance with this policy." (*Id*., ¶ B.) The policy directive provides that the prisoner must "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue," and that if not resolved, the "Step I grievance must be filed within five business days after the grievant attempted to resolve the issue with appropriate staff." (ECF No. 24-2, PageID.96., ¶ P.)

Defendant Perry attaches to his motion for summary judgment an "Affidavit for Step III Grievances," which is a report taken from the MDOC's database "that tracks all prisoner/parolee grievances filed at Step III, which have been responded to at Step III." (ECF No. 24-3, PageID.102-105.) There is no grievance listed for any event in August of 2018. Defendant Perry, and by extension Defendants

8

Kinner and Babisch, thus argue that there is no evidence that Plaintiff exhausted his administrative remedies, and they are entitled to summary judgment.

In response to Defendant's motion for summary judgment, Plaintiff first submitted an affidavit, which was notarized, in which he avers that he "sought to exhaust all available meaningful remedies with the defendant parties supervisors and/or employer for proper and prompt redness [sic] of the matter." (ECF No. 29, PageID.119.) As noted above, though untimely, the Court accepted this affidavit as his response brief to the motion for summary judgment. (ECF No. 35.) Although Plaintiff's complaint seems to suggest that he asked for a grievance form and was not provided one for the August 2018 incident (ECF No. 1, PageID.3), his response affidavit instead indicates that Plaintiff "acted in full compliance with the MDOC applica[ble] directives regarding its procedure(s) to remedy such matters" (ECF No. 29, PageID.119). To that end, Plaintiff specifically avers that "Plaintiff did indeed properly prepare and properly file a timely Step I Grievance, Step II Grievance, Step III Grievance with the MDOC." (ECF No. 29, PageID.120.) Plaintiff indicates that all three grievances are attached to his affidavit as Exhibits 1, 2, and 3, but there are no exhibits attached to his affidavit. (ECF No. 29, PageID.120.)

The Court should find that Plaintiff's affidavit is insufficient to create an issue of fact with regard to exhaustion. Defendant submitted evidence showing that

9

Plaintiff did not fully exhaust his claim--an affidavit signed by a Departmental Analyst at the MDOC, certifying the Prisoner Step III Grievance Report is accurate, and the accompanying Grievance Report, indicating no Step III grievances arising out of the August 2018 incident. (ECF No. 24-3, PageID.102-105.) In response to this evidence, Plaintiff submitted only a bare affidavit stating that he exhausted his remedies, which is a legal conclusion, but failing to attach any copy or record of the alleged grievances.[1]

---

[1] I note that Plaintiff did attach a copy of a prisoner grievance appeal form to his July 27, 2023 "Reply to Response," which I have stricken. (ECF No. 32.) First, this document should not be considered by the Court because it was stricken as an impermissible sur-reply. (ECF No. 35.) Even if it were considered, it does little to bolster Plaintiff's argument. As Defendant points out, Plaintiff "has not provided the Step I grievance, the Step I response, or the Step II response for MRF-1404, and therefore, fails to show how MRF-1404 is related to the claims he asserts in his complaint or otherwise has any actual relevance to the lawsuit." (ECF No. 34, PagedID.136.) Even if the Court were to consider the grievance form, it lacks sufficient detail to provide any context to whether this grievance was properly exhausted. It does not provide the initial grievance, including who was named or any description of the alleged incident. The Step II appeal is dated November 29, 2019, which is over a year after the alleged incident, and indicates the first step was denied as untimely, but fails to provide any further information. In the stricken document, Plaintiff also attaches a copy of a letter he purportedly sent to the Director's Office, asking for a copy of his Step III response. (ECF No. 32, PageID.129.) But the letter, even if accepted, is dated May 2, 2023, almost five years after the alleged incident, and after this lawsuit was initiated (indeed after Defendant Perry's motion for summary judgment was filed). All of the allegations related to the stricken filing, including the attachments, are unsworn and were not contained within his affidavit. (ECF No. 29.) In sum, the stricken document should not be considered by the Court, as it is procedurally improper and substantively unsupported.

"[A]n affidavit may certainly be sufficient to establish a genuine issue of material fact." *Sigmon v. Appalachian Coal Properties, Inc.*, 400 F. App'x 43, 48–49 (6th Cir. 2010) (citing *Courtney v. Biosound, Inc.*, 42 F.3d 414, 418 (7th Cir. 1994)) ("The nonmoving party's own affidavit . . . can constitute affirmative evidence to defeat a summary judgment motion."). However, "that is not the case if the affidavit contains only conclusory allegations and naked conclusions of law." *Id.* at 49 (citing *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) ("[U]nsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." (citing 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2738 (1983)). Thus, courts may disregard affidavits asserting conclusions of law when the affidavits are devoid of explanatory details. *See, e.g., Sigmon*, 400 F. App'x at 49; *see also Buddenberg v. Est. of Weisdack*, No. 1:18-CV-00522, 2024 WL 159001, at *22 (N.D. Ohio Jan. 16, 2024) ("Self-serving affidavits alone will not create an issue of fact sufficient to survive summary judgment."). Stated otherwise, "[c]onclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009) (citing *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) (finding that "conclusory statements" unsupported by specific facts will not permit

a party to survive summary judgment)). The Federal Rules of Civil Procedure state that a party opposing summary judgment must cite to particular parts of materials in the record to identify an issue of fact. Fed. R. Civ. P. 56(c)(1)(A). Plaintiff cannot create a genuine issue of material fact in an affidavit by failing to provide specific facts and instead presenting conclusory statements which merely restate the requirements of law. *Doren v. Battle Creek Health Sys.*, 187 F.3d 595, 598–99 (6th Cir. 1999).

The fact that Plaintiff is *pro se* does not lessen his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus. & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)). The Sixth Circuit has made clear that, when opposing summary judgment, a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001)

(affirming grant of summary judgment against a pro se plaintiff because he "failed to present any evidence to defeat the government's motion").

While Plaintiff avers generally that he has "acted in full compliance with the MDOC applica[ble] directives regarding its procedure(s) to remedy such matters" by filing a Step 1, 2, and 3, grievance, he provides no details about the alleged grievance and appeal. (ECF No. 29, PageID.119). He does not provide copies of the alleged grievance to show what precisely he may have grieved, when he grieved it, when he appealed it, who he named in the grievance, etc. Without such details his conclusory averments are simply not enough to create an issue of fact sufficient to overcome Defendant's evidence.

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211. The prison's grievance process determines when a prisoner has properly exhausted his or her claim. *Id*. at 218 ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Thus, the PLRA requires not only exhaustion, but *proper* exhaustion. See *Woodford*, 548 U.S. at 92 (concluding that if a prisoner fails to file a procedurally proper grievance, he fails to satisfy the PLRA's exhaustion requirement).

13

Defendants have met their initial burden of identifying evidence that Plaintiff did not properly exhaust his grievance before initiating this action. And Plaintiff has not produced specific evidence to the contrary. *See Wrench LLC*, 256 F.3d at 453 ("Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'") (citation omitted). As such, the Court should **GRANT** Defendants' motions for summary judgment on the issue of exhaustion.

### 2. Plaintiff's pending motions

Because I recommend granting Defendants' motions for summary judgment, Plaintiff's pending motions could be denied as moot. I will touch on them briefly though, and deny them on the merits.

With respect to his motion to appoint counsel (ECF No. 53) and petition to appoint counsel (ECF No. 58), the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to *recruit counsel* under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657

14

(7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted). In light of the limited pool of attorneys who are willing to accept appointments *pro bono publico* in this District and the large number of cases in which there are *pro se* parties, the Court does not typically recruit counsel until a case has survived dispositive motion practice and is clearly headed to trial, unless exceptional circumstances have been demonstrated. Such circumstances are not demonstrated here. Thus, Plaintiff's motion to appoint counsel (ECF No. 53) and petition to appoint counsel (ECF No. 58) are **DENIED.**

In Plaintiff's motion to intervene (ECF No. 55), he asks that the Court "intervene" and order the MDOC to respond to a purported Step III grievance. However, as discussed above, Plaintiff has not shown that any such grievance was filed and, moreover, it is not the business of the Court to intercede in MDOC administrative matters. In his motion to stay proceedings (ECF No. 54), Plaintiff asks the Court to stay the proceedings until it resolves his motion to intervene. Both motions are **DENIED** as without merit. The PLRA provides that unexhausted claims cannot be brought in federal court. *Jones*, 549 U.S. at 211; 42

U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002). Attempting to stay this case, to reopen the grievance procedure or to exhaust claims belatedly is not proper, and Defendants have shown through the record evidence that Plaintiff did not exhaust his claims.

### D. Conclusion

As Plaintiff has failed to show sufficient evidence that he exhausted his claims, the Court should **GRANT** Defendants' motions for summary judgment on the basis of exhaustion (ECF No. 24, 42, 50).

Plaintiff's motion to appoint counsel (ECF No. 53), motion to stay (ECF No. 54), motion to intervene (ECF No. 55), and petition to appoint counsel (ECF No. 58) are **DENIED.**

### III. PROCEDURE ON OBJECTIONS

#### A. Report and Recommendation

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

16

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**B. Order on Plaintiff's motion to appoint counsel (ECF No. 53), motion to stay (ECF No. 54), motion to intervene (ECF No. 55), and petition to appoint counsel**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED.**

Dated: February 15, 2024

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE